## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTY T. O'CONNELL,               *
c/o Emily C. Malarkey, Esq.
Bekman, Marder, Hopper, Malarkey & Perlin LLC  *

    Plaintiff                         *

v.                              *     Case No.: _____

STEVEN C. BRIGHAM, M.D., et al.        *
200 Somerdale Road, Suite C.
Voorhees, NJ 08043                *

And                          *

AMERICAN MEDICAL ASSOCIATES, P.C.  *
c/o Steven Brigham, M.D.
200 Somerdale Road, Suite C.        *
Voorhees, NJ 08043
                            *

    Defendants

*    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT FOR CONFESS JUDGMENT

Plaintiff, Christy T. O'Connell, by and through her attorneys, Emily C. Malarkey and Bekman, Marder, Hopper, Malarkey & Perlin, L.L.C., pursuant to Local Rule 108, hereby files this Complaint for Confess Judgement against Defendants Steven C. Brigham, M.D. and American Medical Associates, P.C., and in support thereof, states the following:

### Parties, Jurisdiction and Venue

1.     Plaintiff Christy O'Connell is a resident of the State of South Carolina and a former litigant in proceedings pending before this Court as set forth in further detail below.

2.     Defendant Steven C. Brigham, M.D. is a resident of the State of New Jersey and a former litigant in proceedings pending before this Court as set forth in further detail below.

3.      Defendant American Medical Associates P.C. is a Pennsylvania corporation that formerly was incorporated in the State of Maryland, and was a former litigant in proceedings pending before this Court as set forth in further detail below.

4.      This Court has jurisdiction over this matter because the subject of the Complaint for Confess Judgment relates to proceedings that were litigated fully in front of this Court, from the initiation of a Complaint, through a compromise Settlement Agreement negotiated with the assistance of this Court (hereinafter "the Litigation").

5.      In addition, as will be seen further below, in the Settlement Agreement entered into between the parties in the Litigation, Defendants "expressly" submitted to the jurisdiction of this Court when they entered into a voluntary Settlement Agreement that required them to submit periodic payments to Plaintiff in Maryland transmitted to her counsel in Maryland. The Agreement stated that Plaintiff would "immediately be entitled to file a Confess Judgment with the Court against [Defendants] **- the consent for which is hereby expressly provided by [Defendants]."** (Emphasis added.) It further states that Defendants **"expressly agree[] that this Settlement Agreement may be filed with any pleading necessary to enter or obtain a Confess Judgment to prove [their]  agreement and consent to said judgment."** In addition to Defendants "expressly" consenting to the jurisdiction of this Court, the Agreement also expressly states that it is to be governed in accordance with the law of Maryland. *See* **Exhibit 1** (Redacted Settlement Agreement); *Structural Pres. Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 671 (D. Md. 2013) ("[A] valid forum-selection clause is capable of conferring personal jurisdiction upon a defendant under principles of consent and waiver.").

6.       In addition to Defendants' "express consent" to jurisdiction in this Court, this Court has jurisdiction over Defendants because they participated in Settlement Conference

proceedings in the State of Maryland, entered into the settlement agreement that is the subject

matter of this Complaint in Maryland with the assistance of Maryland counsel who signed the

Settlement Agreement in addition to Defendants, and have in fact since that time caused

numerous payments to be transmitted to Maryland for years thereafter.  *See e.g. Mininberg v.*

*Kresch*, 863 F. Supp. 262, 262-63 (D. Md. 1994) (holding defendant had "the requisite quantum

of minimum contacts with Maryland" to confer personal jurisdiction, even though the

promissory notes on which the suit was based were "negotiated and executed in New York,"

because the notes required payment to be sent to Maryland and "payments were in fact made in

Maryland over a 9 year period"); *Mohamed v. Michael*, 370 A.2d 551 (Md. 1977); *TradeRiver,*

*USA, Inc. v. Xtreme Aviation Servs., LLC*, No.: BPG-21-1416, 2021 WL 5957838, at *1, 3 (D.

Md. Dec. 16, 2021) (finding personal jurisdiction over out-of-state defendant that defaulted on a

promissory note because "the entire basis of the lawsuit arises out of the Note, and . . . all acts

contemplated by the Note including all payments by defendant were to be performed in

Maryland only.").

## Factual Background

7.      On April 21, 2014, Plaintiff initiated in this Court a cause of action for medical

negligence sounding in diversity with the filing of a Complaint docketed as Case No. 1:14-cv-

01339 ("the Litigation").

8.      On August 14, 2015, Plaintiff filed a separate Complaint against additional

Defendants arising out of the same facts as the original Complaint. That case was consolidated

with the instant case on October 16, 2015. *See* **Exhibit 2** (Docket Entries in Case No. 1:14-cv-

01339).

9.      After years of litigation, in July of 2020, Plaintiff and the then-remaining

Defendants (Steven C. Brigham, M.D. and American Medical Associates, P.C.) held a

Settlement Conference with Judge A. David Copperthite. Through and with the assistance of

Judge Copperthite's efforts and counsel for both parties, the parties were able to achieve a

settlement of their dispute. As will be seen in further detail below, the settlement involved

periodic payments made by Defendants to Plaintiffs over a three-year period of time.

10.     On July 27, 2020, after being notified of the settlement of the Litigation by Judge

Copperthite, the Court dismissed Case No. 1:14-cv-01339.

11.     On August 10, 2020, Plaintiff and Defendants entered into a written Settlement

Agreement memorializing the terms of their agreement. *See* **Ex. 1**. The Agreement was signed

by Maryland counsel for Plaintiff and Defendants. *Id.*

12.     Under the terms of the parties' Settlement Agreement, Defendants were obligated

to pay Plaintiff the total settlement amount through eight separate installments on due dates

specified in the Agreement. **Ex. 1 § 1**. If Plaintiff did not receive an installment within five days

of the specified due date, Defendants were obligated to pay an additional late fee for each day

that installment remains unsatisfied. **Ex. 1, § 2(a)**.

13.     Additionally, the Agreement provides that Defendants would be deemed in

default if an outstanding installment was not satisfied within fifteen days of the specified due

date. **Ex. 1, § 2(b)**. Upon default, Plaintiff would be entitled to file for Confess Judgement in the

amount of the unpaid balance remaining, and any late fees that have accrued:

> If payment of any installment of the Settlement Agreement has not
> been effectuated and satisfied by the expiration of the additional 5-
> day period to cure, Releasees will be deemed to be in "default" of
> the outstanding payment installment, and Releasor will
> immediately be entitled to file a Confess Judgment with the Court
> against Releasees - **the consent for which is hereby expressly**

**provided by Releasees** - enumerating and declaring Releasees' acceptance and assumption of responsibility to pay the unpaid balance of the total Settlement Payment remaining as of the date default occurred, plus any late fees that have accrued pursuant to the terms set forth above. **Releasor expressly agrees that this Settlement Agreement may be filed with any pleading necessary to enter or obtain a Confess Judgment to prove his agreement and consent to said judgment.**

14. Defendants timely paid the first six installments of the settlement amount by mailing checks to Maryland accompanied by letters on the letterhead of Defendant American Medical Associates, P.C. and signed by Defendant Brigham. The checks were drawn on a Bank of America Account for an entity known as "United Health Group LLC," yet Dr. Brigham signed transmittal letters on the letterhead of American Medical Associates P.C., and on at least one occasion indicated in a memorandum that the payment was on behalf of American Medical Associates. *See* **Exhibit 3** (copies of checks and transmittal letters for payments made).

15. Defendants thereafter ceased complying with the Settlement Agreement. They have failed to pay the installments that were due on February 1, 2023 and August 1, 2023.

16. Plaintiffs' counsel made several efforts to contact Defendants regarding their breach of the Settlement Agreement, but has not received any response to any communication from any representative on behalf of Defendants. *See* **Exhibit 4** (Local Rule 108 Affidavit of Counsel).

17. Plaintiff has no reasonable expectation that Defendants will comply with their remaining obligations under the parties Agreement.

## COUNT I

18. Plaintiff adopts and incorporates all preceding paragraphs and all Exhibits referenced therein.

19.     Defendants are in breach of the Settlement Agreement entered into in the Litigation, Case 1:14-cv-01339. Pursuant Local Rule 108, Plaintiff is entitled to Entry of a Confess Judgement against Defendants Steven C. Brigham, M.D. and American Medical Associates, P.C. in the amount of $27,500.00 for the unpaid balance of total settlement payments remaining, and an additional $200 per day from February 1, 2023 through the date of the entry of Confess Judgment for late fees that have accrued (*i.e.* at least $38,800 representing 194 days from February 1, 2023 through August 14, 2023). **Ex. 1 ¶ 8.**

20.     In accordance with Local Rule 108, an Affidavit explaining the execution and breach of the parties' Settlement Agreement is attached at **Exhibit 4.**

21.     The attached Exhibits demonstrate that Plaintiff has met her obligation under Local Rule 108 to establish a voluntary, knowing, and intelligent waiver by the Defendants of the right to notice and a prejudgment hearing on the merits of the claim of the Plaintiff for liquidated damages, as well as a meritorious claim of the Plaintiff for liquidated damages against the Defendant. *See* Local Rule 108; *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 552 (D. Md. 2010); *Cordish Power Plant Number Two, LLC  v. Chiang*, No. CCB-18-03389, 2018 WL 5994994, at *2 (D. Md. Nov. 15, 2018).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order directing the Clerk of the Court to issue a Confess Judgment against Defendants, Steven C. Brigham, M.D. and American Medical Associates, P.C., jointly and severally in the amount of **at least** $66,300.

Emily C. Malarkey (28197)
malarkey@mdtrialfirm.com
BEKMAN, MARDER, HOPPER, MALARKEY
& PERLIN, L.L.C.
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633
*Attorneys for Plaintiff*