IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHRISTY T. O'CONNELL,** | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil Case No: 1:23-cv-02208-CCB |
| | * | |
| **STEVEN C. BRIGHAM, M.D., et al.**, | * | |
| | * | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## REPORT AND RECOMMENDATIONS

Plaintiff, Christy O'Connell, submitted a Complaint for Confessed Judgment against Defendants Steven C. Brigham, M.D. and American Medical Associates, P.C. (collectively "Defendants") on August 14, 2023. (ECF No. 1). United States District Judge Catherine C. Blake referred this case to the undersigned for a Report and Recommendation regarding Plaintiff's Complaint on August 31, 2023, pursuant to 28 U.S.C. § 636(c). (ECF No. 4). Noting that it was unclear whether the Court had subject matter jurisdiction over the dispute, the Court previously permitted Plaintiff to submit an Amended Complaint specifically addressing whether this Court has subject matter jurisdiction over it. (ECF No. 6). Plaintiff timely did so, and currently pending before the Court is Plaintiff's Amended Complaint for Confessed Judgment. (ECF No. 7). For the reasons stated herein, I recommend that the Clerk of the Court enter a confessed judgment in favor of Plaintiff and against all Defendants.

I.    **BACKGROUND**

Plaintiff initiated a lawsuit for medical negligence against Defendants on April 21, 2014. (ECF No. 7 at p. 3).[1] In July 2020, Plaintiff and Defendants participated in a settlement conference before Magistrate Judge Copperthite, where the parties were able to reach a settlement agreement resolving their dispute. *Id.* at p. 4. The Court accordingly dismissed the action on July 27, 2020, and Plaintiff and Defendants subsequently entered into a written Settlement Agreement documenting its terms. *Id.* The agreement was signed by Plaintiff and Defendant Steven C. Brigham, M.D., both individually and on behalf of Defendant American Medical Associates, P.C. (ECF No. 7-1 at p. 9). The Settlement Agreement detailed a structure by which Defendants were obligated to pay Plaintiff the total settlement amount in eight enumerated installments. (ECF No. 7 at p. 4). Defendants timely paid the first six installments by mailing checks to Plaintiff accompanied by letters on the letterhead of Defendant American Medical Associates, P.C. bearing Defendant Brigham's signature. *Id.* at p. 5; (ECF No. 7-3). Defendants then failed to pay the seventh and eighth/final installments in February 2023 and August 2023, respectively, giving rise to Plaintiff's Amended Complaint. (ECF No. 7 at p. 5).

II.   **LEGAL STANDARD**

Local Rule 108.1(a) requires that a plaintiff seeking the entry of a confessed judgment file a Complaint, accompanied by:

1. [T]he written instrument that

    (a) authorizes the confessed judgment; and

    (b) entitles the plaintiff to a claim for liquidated damages;

2. [A]n affidavit of the plaintiff or someone on behalf of the plaintiff, stating:

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

2

> (a) the circumstances under which the defendant executed the written instrument;
>
> (b) the age and education of the defendant, if known;
>
> (c) the amount due under the written instrument; and
>
> (d) the defendant's post office address (including the street address if needed to effect mail delivery).

(D. Md. 2023). Upon review of the documents required by Local Rule 108.1(a), the Court may then direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:

1. The Defendant's voluntary, knowing, and intelligent waiver of:
   a. The right to notice; and
   b. A prejudgment hearing on the merits of the claim of the Plaintiff's liquidated damages claim; and
2. The Plaintiffs' meritorious claim for liquidated damages against the Defendant.

D. Md. Loc. R. 108.1(b).

### III. DISCUSSION

Plaintiff attached to her Complaint several documents constituting "written instrument[s] that authorize[] the confessed judgment and entitl[e] Plaintiff to a claim for liquidated damages." Loc. R. 108.1(a). Specifically, Plaintiff attached the Settlement Agreement previously entered into by the parties dated August 10, 2020. (ECF No. 7-1). The Settlement Agreement was executed by Plaintiff and Defendant Steven C. Brigham, M.D., both on behalf of himself and American Medical Associates, P.C. *Id.* at p. 9. Plaintiff also attached to her motion the affidavit of her counsel, Emily C. Malarkey. (ECF No. 7-4).

Regarding Local Rule 108.1(a), the Settlement Agreement states unambiguously that, under the installment payments agreed upon therein: "Payment of TWELVE THOUSAND AND FIVE HUNDRED DOLLARS ($12,500.00), payable to 'Christy T. O'Connell', on or before February 1, 2023;" and "Payment of FIFTEEN THOUSAND DOLLARS ($15,000.00), payable to 'Christy T. O'Connell', on or before August 1, 2023" were to be made to Plaintiff, denoting the seventh and eighth/final installments agreed upon by the parties pursuant to their settlement agreement. (ECF No. 7-1 at p. 2). The Settlement Agreement further provides that if Defendants failed to effectuate payment of any installment within fifteen days from the date it became due, Defendants

> will be deemed to be in 'default' of the outstanding payment installment, and [Plaintiff] will immediately be entitled to a Confess Judgment with the Court against [Defendants]—the consent for which is hereby expressly provided by [Defendants]—enumerating and declaring [Defendants'] acceptance and assumption of responsibility to pay the unpaid balance of the total Settlement Payment remaining as of the date default occurred, plus any late fees that have accrued pursuant to the terms set forth above. [Plaintiff] expressly agrees that this Settlement Agreement may be filed with any pleading necessary to enter or obtain a Confess Judgment to prove his agreement and consent to said judgment.

(ECF No. 7-1 at p. 3). Regarding late fees, the Settlement Agreement also states:

> If [Defendants] fail to effectuate payment of any installment of the Settlement Payment within five (5) days of the due date specified for each installment . . . [Defendants] hereby agree to pay an additional TWO HUNDRED DOLLAR ($200.00) 'late payment fee' to [Plaintiff] for each day thereafter that said payment installment remains unsatisfied, beginning on the sixth (6th) day after the due date specified for the outstanding payment installment, and continuing indefinitely until said payment installment is effectuated and satisfied in full. The accrual and payment of daily late payment fees under this Provision is understood by the parties to operate separate and apart from any other payment obligations or requirements imposed upon either party by any other Section or Provision of this Agreement.

*Id.* at pp. 2–3. With the foregoing in mind, the undersigned is satisfied that the Settlement Agreement both authorizes the entry of confessed judgment and demonstrates Plaintiff's entitlement to liquidated damages.

4

Also attached to Plaintiff's Amended Complaint is the Affidavit of Emily C. Malarkey—Plaintiff's Counsel in the case *sub judice* who also represented Plaintiff in the underlying litigation giving rise to the Settlement Agreement.  *See* (ECF No. 7-4).  Ms. Malarkey's Affidavit satisfies the requirements of Local Rule 108.1(a)(2).  The Affidavit details the circumstances under which Defendants executed the agreement; the age and education of the Defendants; the amount due under the written instrument; and Defendants' current address.  *See* (ECF No. 7-4 at pp. 1–2).  Specifically, the Affidavit provides that Defendants are in default under the Settlement Agreement in the amount of $27,500.00 "for the unpaid balance of settlement payments remaining, as well as for at least $78,900 in late fees that have accrued ($200 per day times 257 days from February 1, 2023 through October 16, 2023)."  *Id.* at p. 2.[2]

Finally, having reviewed the Amended Complaint, Affidavit, and Exhibits, the undersigned further finds that the Settlement Agreement makes a prima facie showing that Defendants voluntarily, knowingly, and intelligently waived their right to notice and a prejudgment hearing, and that Plaintiff's claim for confessed judgment against Defendants is meritorious.  *See Int'l Painters & Allied Trades Indus. Pension Fund v. SRI Constr.*, No. 19-CV-02586-GLR, 2019 WL 5078262, at *3 (D. Md. Oct. 10, 2019) (concluding that the requirements of Local Rule 108.1(b)

---

[2] The Court previously noted that it was unclear whether subject matter jurisdiction existed over this case because Plaintiff's Complaint sounded in diversity, but Plaintiff initially requested a confessed judgment in the amount of "at least $66,300." (ECF No. 6 at p. 3).  Pursuant to 32 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  32 U.S.C. § 1332(a).  Although Plaintiff claims that the Court has subject matter jurisdiction over the Amended Complaint because the subject of the Amended Complaint stems from proceedings previously litigated in this Court, this is insufficient to establish subject matter jurisdiction.  Subject matter jurisdiction must be present in every case, irrespective of prior proceedings, and may not be consented to either expressly or by virtue of litigating a previous matter before a court.  *See Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 621 (4th Cir. 2004), *rev'd on other grounds*, 546 U.S. 81 (2005) ("[P]arties may not waive or consent to federal subject matter jurisdiction—indeed we must raise it *sua sponte* if jurisdiction appears questionable . . . ."); *State v. Ivory*, 906 F.2d 999, 1001 n.2 (4th Cir. 1990).  However, Plaintiff's Amended Complaint now sets forth an amount in controversy in excess of $75,000 given the outstanding Settlement Agreement default and late fee payments.  *See generally Iraola Grp. Inc. v. TIMD-20, LLC*, No. GJH-21-820, 2022 WL 4448860 (D. Md. Sept. 23, 2022) (including contractual late fees in the amount-in-controversy calculation independent from interests and other costs); *Old Republic Nat'l Title Ins. Co. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976 (D. Md. June 1, 2023) (same).

were met because the defendant "was presumptively an adult and a sophisticated business person at the time he executed the agreement"); *Cordish Power Plant Number Two, LLC v. Chiang*, No. CCB-18-03389, 2018 WL 5994994, at *2 (D. Md. Nov. 15, 2018); *Orlando Residence, Ltd. v. Hilton Head Hotel Invs.*, No. 9:89-CV-0662-DCN, 2013 WL 1103027, at *7 (D.S.C. Mar. 15, 2013), *aff'd sub nom. Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212 (4th Cir. 2014) (finding that defendant voluntarily, knowingly, and intelligently submitted to a confessed judgment provision in a settlement agreement where both the defendant and his attorneys signed the settlement agreement); *see also* (ECF No. 7-1 at p. 9) (denoting the signatures of Defendant Brigham, on behalf of himself and American Medical Associates, P.C., and Defendants' attorney).

## IV.     CONCLUSION

For the foregoing reasons, I recommend that the Court direct the Clerk to enter the confessed judgment against Defendants, jointly and severally, in the amount of $106,400.00, which includes the remaining balance of $27,500.00 under the Settlement Agreement and $78,900.00 in late fees that have accrued between February 1, 2023, and October 16, 2023.  I further recommend that the Clerk ensure that notice of this entry is provided to Defendants pursuant to Local Rule 108.1(c) at 200 Somerdale Road, Suite C, Voorhees, New Jersey, 08043. *See* (ECF No. 7-1 at p. 3; ECF No. 7-4 at p. 1).

Date: <u>October 17, 2023</u>                                          /s/                    __
                                                                                      J. Mark Coulson
                                                                                      United States Magistrate Judge